INGRAM, Presiding Judge.
Mary Jackson was employed as a nontenured teacher by the Randolph County Board of Education for two years. In May of the second year, Jackson was informed that she would not be reemployed for a third year. Consequently, Jackson filed suit against the board, alleging that it failed to follow the procedures outlined in a board policy entitled “Staff Reduction.” The trial court determined that the policy did not pertain to the facts at issue and found for the board. Jackson appeals.
Pertinent provisions of the “Staff Reduction” policy are as follows:
“A. Should it be necessary because of financial limitations, declining enrollment, closing of a building, or other serious and legitimate business or legal reasons, or because of a serious natural disaster to decrease the professional personnel, the Board of Education shall, individual contracts notwithstanding, have the authority to terminate, demote, or reassign professional personnel to achieve the necessary reduction in staff. “As a prerequisite to all other considerations, the Board shall determine, upon the recommendation of the Superintendent, the type of instructional service within organizational categories in which personnel is to be reduced....
“B. In accomplishing the necessary reduction, probationary personnel shall be terminated first.
“Based on the most recent recorded evaluation, probationary personnel in this *642 category shall be ranked from highest to lowest and shall be terminated in inverse order to their ranking.
“If two or more such persons are determined to be equally qualified and suited to the assignment or assignments remaining, the one with the least continuous service to the system shall be terminated first.
[[Image here]]
“E. Recall
“Any employee terminated or demoted pursuant to this policy shall have recall rights to any position for which he is certified, for two (2) calendar years from effective date of his termination or demotion, and shall be recalled to available positions in such professional categories in reverse order of termination or demotion.”
Jackson admits that the nonrenewal of her contract was in accordance with law. She contends, however, that at the time of the nonrenewal she acquired recall rights, which required the board to recall her in case a vacancy occurred. She asserts that a vacancy did occur and that the board violated its own policy when it failed to rehire her.
There was evidence presented that Jackson’s contract was not renewed because of the financial limitations of the board. Jackson argues that the nonrenewal for financial purposes automatically invoked the application of the policy. The trial court, however, found the policy to have a very limited scope of operation. It found it to be
“applicable only when, because of very unusual and extraordinary circumstances imposing financial limitations on the Board, the Board exercises its power under the policy to terminate or rearrange its professional staff, regardless of the provisions of individual contracts. If, under such limited circumstances, a teacher under contract is deprived of contractual expectations and benefits, the policy would determine the teacher recall preferences.”
Here, Jackson was employed and paid for the entire term of her contract. She was not dismissed or terminated. Her contract was simply not renewed. The nonrenewal of a probationary teacher, even for budgetary purposes, is well within the legitimate bounds of the board’s managerial discretion. We agree with the trial court and find the policy to be limited in its scope of operation and not applicable to the facts or issues presented here.
This case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.